**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**CONRAY CARROLL**                                                               **PETITIONER**
**ADC #110901**

**v.**                              **CASE NO.: 5:08CV00192-WRW-BD**

**LARRY NORRIS, Director,**                                          **RESPONDENT**
**Arkansas Department of Correction**

**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections:**

_____The following recommended disposition has been sent to United States District

Judge William R. Wilson, Jr.  Any party may file written objections to this

recommendation.  Objections should be specific and should the factual or legal basis for

the objection.  If the objection is to a factual finding, specifically identify that finding and

the evidence that supports your objection.  An original and one copy of your objections

must be received in the office of the United States District Court Clerk no later than

eleven (11) days from the date you receive the Recommended Disposition.  A copy will

be furnished to the opposing party.  Failure to file timely objections may result in waiver

of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

1

Pending is Respondent's motion to dismiss the petition (docket entry # 16).

Petitioner opposes the motion to dismiss and has filed a motion for judgment on the

pleadings (#22) and a motion to strike Respondent's response to the motion for judgment

on the pleadings (#25).  For the reasons that follow, the Court recommends that the

District Court grant the motion to dismiss and deny Petitioner's motion for judgment on

the pleadings and motion to strike as moot.

## II.   <u>Background:</u>

On April 10, 1997, Petitioner Conray Carroll entered a plea of guilty in Pulaski

County Circuit Court to the offense of rape.  (#17 at p. 2)  In a judgment and commitment

order filed May 30, 1997, the Circuit Court sentenced Petitioner to sixty years in the

Arkansas Department of Correction ("ADC").  (#2 at p. 1)

On June 26, 2002, Petitioner filed a motion to reopen the case (#17-3 at p. 2) and

for forensic testing.  (#17-3 at p. 2)  On November 26, 2002, the Circuit Court denied

Petitioner's motions.  On May 12, 2006, Petitioner filed a petition for writ of habeas

corpus with the Circuit Court of Lincoln County which was denied on August 1, 2007.

(#17-3 at p. 3)  On July 8, 2008, Petitioner's request to transfer his case to United States

District Court was denied by the Pulaski County Circuit Court.  (#2 at p. 11)

On July 16, 2008, Petitioner filed this petition for writ of habeas corpus under 28

U.S.C. § 2254.  (#2)  Petitioner raises the following claims in his petition: (1) that he was

convicted with evidence obtained through an unlawful arrest; (2) that his conviction was

2

unconstitutional because the prosecution failed to disclose evidence which was favorable

to him; (3) that he was prejudiced by ineffective assistance of trial counsel; and (4) that he

was denied a fair and impartial trial.  (#2 at pp. 5-6)

_____In his motion to dismiss (#16), Respondent asserts that Petitioner's claims are

barred by the applicable statute of limitations, and that neither statutory nor equitable

tolling are permitted.

## III.    The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2254(d)(1), establishes a one-year statute of limitations during which a state

prisoner must commence a habeas corpus proceeding under 28 U.S.C. § 2254.  The

statute provides that the limitation period shall run from, "(A) the date on which the

judgment became final by the conclusion of direct review or the expiration of the time

limit for seeking such review."

In this case, Petitioner entered a plea of guilty to one count rape on April 10, 1997.

(#17 at p. 2)  The judgment and commitment order sentencing Petitioner to 60 years in the

Arkansas ADC was filed on May 30, 1997.  *Id.* at 2.  Under Arkansas Rule of Criminal

Procedure 1(a), direct review from a plea of guilty or nolo contendere is barred unless a

conditional plea has been allowed by Arkansas Rule of Criminal Procedure 24.3(b).

Petitioner did not enter a conditional plea, so he was not entitled to any direct review of

his sentence.  Calculating the date from May 30, 1997, the statute of limitations for Petitioner to file a federal habeas corpus petition expired on May 30, 1998.

### A. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2), provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  However, a petition for Rule 37 post-conviction relief that is not filed in a timely manner is not a "properly filed application for state post-conviction or other collateral review," and 28 U.S.C. § 2244(d)(2)'s tolling provision does not apply in that circumstance.  *Pace v. DiGuglielmo*, 544 U.S. 408, 410-417 (2005); *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006).

Under Arkansas Rule of Criminal Procedure 37.2(c), a petitioner may claim post-conviction relief within 90 days of the date of entry of judgment or "within ninety (90) days of the date sentence was pronounced."  Petitioner did not file any petition for post-conviction relief until June 26, 2002, when he filed a motion with the trial court under Ark. Code Ann. § 16-112-201.  This motion was filed after the ninety (90) days had expired and was denied on November 26, 2002.  (#17 at p. 1) Petitioner is not entitled to statutory tolling and his claims are barred by the statute of limitations unless he is entitled to equitable tolling.

4

B.      **Equitable Tolling**

The statute of limitations set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable

tolling. *Jihad v. Hvass*, 267 F.3d 803, 805-06 (8th Cir. 2001).  Equitable tolling is proper,

however, only when extraordinary circumstances beyond a prisoner's control make it

impossible to file a petition on time, or when the conduct of the respondent has lulled the

plaintiff into inaction.  *Id.* (citing *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.

2000)).  Equitable tolling is an "exceedingly narrow window of relief."  *Id.* at 805.  The

Eighth Circuit has held that pro se status, lack of legal knowledge or legal resources, and

confusion about or miscalculations of the limitations period are inadequate grounds to

warrant equitable tolling.  See *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

In his response to the motion to dismiss, Petitioner states that he is entitled to

equitable tolling because: (1) the prosecution did not bring formal charges against him

until June 14, 1997, after Petitioner entered a plea of guilty; (2) the arrest warrant was not

signed by a judge under oath; (3) his plea of guilty did not waive his jurisdictional

challenge to the conviction because his arrest was a fraud and unconstitutional; (4) the

Respondent engaged in professional misconduct by not discussing in his motion to

dismiss Petitioner's writ of habeas corpus petitions that were filed with the State which

were grounds for equitable tolling; and (5) Respondent failed to discuss prosecutorial

misconduct, attach copies of medical and scientific reports, and also failed to explain why

the Prosecutor did not file formal charges in a timely manner in his motion to dismiss. (#21)

The Court has carefully reviewed and liberally construed the petition, Petitioner's response to the motion to dismiss, Petitioner's motion for a judgment on the pleadings and motion to strike. The Court cannot find anything in Petitioner's filings to justify equitable tolling of the limitations period. Petitioner has not alleged extraordinary circumstances that made it impossible for him to file a timely habeas petition. He knew, or should have known through the exercise of due diligence, of all of the filing deadlines and procedures for filing his claims. While it is true that Petitioner did not waive jurisdictional claims by pleading guilty, he knew or should have known about the claims since 1997 and failed to raise the claims with the Court in a timely manner.

Accordingly, Petitioner's claim that he is entitled to direct review of his conviction is barred under Arkansas Rule of Appellate Procedure-Criminal 1(a) because of his guilty plea, and his claims for habeas relief are barred by the one-year limitations period established by 28 U.S.C. § 2254(d).

## IV.   Conclusion

The Court recommends that the District Court dismiss Petitioner's petition for writ of habeas corpus (#2) with prejudice and deny Petitioner's motion for judgment on the pleadings and motion to strike (#22 and #25) as moot.

DATED this 7th day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE